# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HORTON,<br><br>                      Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; EVAN SOBZCAK; JACOB MACLEOD; UNKNOWN SAN DIEGO SHERIFF'S DEPARTMENT PERSONNEL; CITY OF LA MESA; and UNKNOWN LA MESA POLICE DEPARTMENT PERSONNEL,<br><br>                      Defendants. | Case No.: 21-cv-00400-H-BGS<br><br>**ORDER DENYING THE COUNTY DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 7.] |

On April 16, 2021, Defendants County of San Diego, Evan Sobzcak, and Jacob MacLeod (collectively, the "County Defendants") filed a motion to dismiss Plaintiff Michelle Horton's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 7.) On May 10, 2021, Plaintiff filed a response in opposition to the County Defendants' motion to dismiss. (Doc. No. 11.) On May 17, 2021, the County Defendants filed their reply. (Doc. No. 13.) On May 17, 2021, the Court took the matter under submission. (Doc. No. 12.) For the reasons below, the Court denies the County Defendants' motion to dismiss.

///

**Background**

The following factual background is taken from the allegations in Plaintiff's complaint. On May 30, 2020, Plaintiff's children were peacefully participating in mass protests in La Mesa, California. (Doc. No. 1, Compl. ¶¶ 1-2, 17-18.) Plaintiff was waiting to meet up with her children, so they could go home. (Id.) At the relevant time, Plaintiff was standing on a sidewalk, near a well-lit gas station, at the corner of Spring Street and University Avenue in La Mesa. (Id. ¶ 17.)

Plaintiff alleges that while standing there, law enforcement officers, believed to include Defendants Sobzcak and MacLeod, shot her in the breast with a less-lethal projectile while driving past her. (Id.) Plaintiff alleges that, when shot, she was unarmed; not engaged in any criminal, raucous, or destructive activity; did not pose any threat of harm to anyone; and was not resisting or fleeing arrest. (Id. ¶ 19.) Plaintiff alleges that she was not immersed in a crowd of unruly protestors, nor was she near anyone engaged in criminal, raucous, or destructive activity. (Id.)

On March 5, 2021, Plaintiff filed a complaint against Defendants County of San Diego, Sobzcak, MacLeod, and City of La Mesa, alleging claims for: (1) 42 U.S.C. § 1983 – excessive force; (2) 42 U.S.C. § 1983 – Monell;[1] (3) Bane Act, California Civil Code § 52.1(b); (4) battery; and (5) negligence. (Doc. No. 1, Compl.) By the present motion, the County Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the claims in Plaintiff's complaint for failure to state a claim. (Doc. No. 7.)

**Discussion**

**I.  Legal Standards for a Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that

---

[1]  Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978).

a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe

1  v. United States, 58 F.3d 494, 497 (9th Cir. 1995); see Telesaurus, 623 F.3d at 1003 (9th Cir. 2010).

## II. Analysis

### A. Plaintiff's § 1983 Claim for Excessive Force

In the complaint, Plaintiff alleges a claim pursuant to 42 U.S.C. § 1983 for excessive force in violation of her Fourth Amendment rights against Defendants Sobzcak and MacLeod. (Doc. No. 1, Compl. ¶¶ 28-32.) The Deputy Defendants argue that Plaintiff's excessive force claim against them fails because Plaintiff has failed to adequately allege facts showing that each of them was personally involved in the unlawful conduct at issue. (Doc. No. 7-1 at 8-9.)

"An objectively unreasonable use of force is constitutionally excessive and violates the Fourth Amendment's prohibition against unreasonable seizures." Torres v. City of Madera, 648 F.3d 1119, 1123 (9th Cir. 2011). The reasonableness of a use of force is determined based on whether the defendant's actions were "objectively reasonable" in light of all facts and circumstances. Graham v. Connor, 490 U.S. 386, 397 (1989). "The operative question in excessive force cases is 'whether the totality of the circumstances justifie[s] a particular sort of search or seizure.'" Cty. of Los Angeles, Calif. v. Mendez, 137 S. Ct. 1539, 1546 (2017).

"Section 1983 provides for liability against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." S. California Gas Co. v. City of Santa Ana, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983). "As a predicate to section 1983 liability, each public official must integrally participate in the unlawful [conduct]." Hernandez v. Skinner, 969 F.3d 930, 941 (9th Cir. 2020); see also Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

The Ninth Circuit has explained that under the integral-participant doctrine, "[t]he

official's individual actions need not 'themselves rise to the level of a constitutional violation,' but the official must be more than a 'mere bystander[.]' . . . [F]or example, [the Ninth Circuit has] held that an officer whose actions were 'instrumental' in effectuating a constitutional violation was an integral participant." Hernandez, 969 F.3d at 941. The Ninth Circuit has not "define[d] the minimum level of involvement for liability under the integral-participant doctrine." Id.

The Deputy Defendants argue that Plaintiff's excessive force claim fails because Plaintiff has merely alleged that the Deputy Defendants were included within a group of law enforcement officers that shot her. (Doc. No. 7-1 at 9.) The Deputy Defendants contend that Plaintiff has failed to allege facts showing their personal involvement. (Id.) In response, Plaintiff explains that she is not attempting to allege a theory of "group liability" against the Deputy Defendants. (Doc. No. 11 at 7.) Plaintiff argues that she has plausibly alleged that both Deputies Sobzcak and MacLeod were integral participants in the alleged violation of her Fourth Amendment rights. (Id.) Plaintiff argues that one deputy would have been driving the car while the other deputy shot, but without discovery, it is unclear at this stage in the litigation which deputy was driving and which deputy fired the shot. (Id.)

In the complaint, Plaintiff alleges that law enforcement officers, believed to include Defendants Sobzcak and MacLeod, shot her in the breast with a less-lethal projectile while driving past her even though she was unarmed; not engaged in any criminal, raucous, or destructive activity; did not pose any threat of harm to anyone; and was not resisting or fleeing arrest. (Doc. No. 1, Compl. ¶¶ 17, 19.) Plaintiff also alleges that she was not immersed in a crowd of unruly protestors, nor was she near anyone engaged in criminal, raucous, or destructive activity. (Id. ¶ 19.) These allegations are sufficient to allege a claim for excessive force against Defendants Sobzcak and MacLeod. Cf. Nelson v. City of Davis, 685 F.3d 867, 884–85 (9th Cir. 2012) ("[O]ur prior cases provided notice to all reasonable officers that targeting [plaintiff] and his group with a projectile weapon with concussive force that could cause serious physical injury . . . was unreasonable under the Fourth

Amendment."). As such, the Court declines to dismiss Plaintiff's claim for excessive force.

### B. Plaintiff's Monell Claim

In the complaint, Plaintiff alleges a Monell claim against the County of San Diego. (Doc. No. 1, Compl. ¶¶ 33-40.) The County argues that Plaintiff's Monell claim against it should be dismissed because the claim is not viable. (Doc. No. 7-1 at 3-7.)

"[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691; see also Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) ("[A] municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates."). Rather, "municipalities may only be held liable under section 1983 for constitutional violations resulting from official county policy or custom." Benavidez v. Cty. of San Diego, 993 F.3d 1134, 1153 (9th Cir. 2021).

"To establish municipal liability under § 1983, a plaintiff 'must show that (1) she was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation.'" Burke v. Cty. of Alameda, 586 F.3d 725, 734 (9th Cir. 2009) (quoting Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1110–11 (9th Cir. 2001)). "[P]olicies can include written policies, unwritten customs and practices, failure to train municipal employees on avoiding certain obvious constitutional violations, and, in rare instances, single constitutional violations are so inconsistent with constitutional rights that even such a single instance indicates at least deliberate indifference of the municipality." Benavidez, 993 F.3d at 1153 (citation omitted).

"As to the single instance category, generally, a single instance of unlawful conduct is insufficient to state a claim for municipal liability under section 1983." Benavidez, 993 F.3d at 1153. "Single acts may trigger municipal liability where 'fault and causation' were clearly traceable to a municipality's legislative body or some other authorized decisionmaker." Id. "Where, for example, a 'city has armed its officers with firearms[,] .

. . the need to train officers in the constitutional limitations on the use of deadly force can be said to be "so obvious," that failure to do so could properly be characterized as deliberate indifference to constitutional rights.'" Id. (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 390 n.10 (1989)).

The County argues that Plaintiff's allegations regarding a single incident that involved two non-policymaking deputies are insufficient to establish a claim under Monell. (Doc. No. 7-1 at 3-7.)  In response, Plaintiff, citing City of Canton, 489 U.S. at 390 n.10, argues that the Court should reject the County's argument because a single incident can establish liability under Monell in a case like this. (Doc. No. 11 at 8-9.)

In the complaint, Plaintiff alleges that the Deputy Defendants shot her in the breast with a less-lethal projectile while driving past her even though she was unarmed; not engaged in any criminal, raucous, or destructive activity; did not pose any threat of harm to anyone; and was not resisting or fleeing arrest. (Doc. No. 1, Compl. ¶¶ 17, 19.)  Plaintiff also alleges that she was not immersed in a crowd of unruly protestors, nor was she near anyone engaged in criminal, raucous, or destructive activity.  (Id. ¶ 19.)  Plaintiff alleges that the County is liable under Monell because the deprivation of her Fourth Amendment rights was "substantially caused by a practice/custom of City and County law-enforcement officers using less-lethal force (including projectile, chemical, and impact devices) for mere crowd control purposes, regardless of whether protestors' individual actions justify such use of force."  (Id. ¶ 37.)  These allegations are sufficient to allege a Monell claim against the County.[2]  Cf. Benavidez, 993 F.3d at 1153 (explaining that when a municipality has armed its officers, a failure to properly train the officers in the limitations on the use of force can constitute deliberate indifference to constitutional rights (citing City of Canton, 489 U.S. at 390 n.10)).  As a result, the Court declines to dismiss Plaintiff's Monell claim.

---

[2] The Court rejects the County's contention that no training is required "to know that shooting a projectile at someone who was 'waiting quietly' is wrong." (Doc. No. 7-1 at 6; see also Doc. No. 13 at 5.) At this stage in the proceedings, the Court must draw all reasonable inferences in favor of the plaintiff. See Retail Prop. Trust, 768 F.3d at 945.

C. *Plaintiff's Bane Act Claim*

In the complaint, Plaintiff alleges a claim for violation of the Bane Act, California Civil Code § 52.1, against the County Defendants. (Doc. No. 1, Compl. ¶¶ 41-45.) The Bane Act, California Civil Code § 52.1, provides a private cause of action against anyone who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by an individual or individuals of rights secured by the Constitution or laws of the United States, or laws and rights secured by the Constitution or laws of California." Cal. Civil Code § 52.1(b). Section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." Jones v. Kmart Corp., 17 Cal. 4th 329, 334 (1998); accord Austin B., 149 Cal. App. 4th at 882. "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Austin B., 149 Cal. App. 4th at 883 (quoting Jones, Cal. 4th at 334). The Ninth Circuit has explained that "in excessive force cases . . . , § 52.1 does not require proof of coercion beyond that inherent in the underlying violation." Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 802 (9th Cir. 2018).

The County Defendants argue that Plaintiff's Bane Act claim fails for the same reasons as Plaintiff's § 1983 excessive force claim. (Doc. No. 7-1 at 9; Doc. No. 13 at 7.) The Court denied the County Defendants' motion to dismiss Plaintiff's § 1983 excessive force claim. As a result, the Court rejects the County Defendants' arguments for dismissal of Plaintiff's Bane Act claim, and the Court declines to dismiss the claim. See Rodriguez, 891 F.3d at 802.

E. *Plaintiff's Claim for Battery*

In the complaint, Plaintiff alleges a claim for battery against the County Defendants. (Doc. No. 1, Compl. ¶¶ 46-51.) The County Defendants argue that Plaintiff's claim for battery fails because she has not pled sufficient facts to show the Deputy Defendants'

intent.  (Doc. No. 7-1 at 9-10; Doc. No. 13 at 7-8.)

Under California law, "[t]he elements of civil battery are: (1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff."  Brown v. Ransweiler, 171 Cal. App. 4th 516, 526–27 (2009).  "In an action for civil battery the element of intent is satisfied if the evidence shows defendant acted with a 'willful disregard' of the plaintiff's rights."  Ashcraft v. King, 228 Cal. App. 3d 604, 613 (1991).  Under Federal Rule of Civil Procedure 9(b), intent "may be alleged generally."

In the complaint, Plaintiff alleges that law enforcement officers, believed to include Defendants Sobzcak and MacLeod, shot Plaintiff in her breast with a less-lethal projectile while driving past her.  (Doc. No. 1, Compl. ¶ 17.)  Plaintiff further alleges that when this happened, she was standing on a sidewalk, near a well-lit area.  (Id.)  In addition, Plaintiff alleges that the individual defendants intentionally touched her and engaged in actions which caused her to be touched.  (Id. ¶ 47.)  These factual allegations are sufficient to adequately allege the intent element of Plaintiff's claim for battery.  Cf. Singer v. Marx, 144 Cal. App. 2d 637, 642 (1956) ("If defendant unlawfully aims at one person and hits another he is guilty of assault and battery on the party he hit, the injury being the direct, natural and probable consequence of the wrongful act.").  As a result, the Court declines to dismiss Plaintiff's claim for battery.

F.   Plaintiff's Claim for Negligence

In the complaint, Plaintiff alleges a claim for negligence against the County Defendants.  (Doc. No. 1, Compl. ¶¶ 52-56.)  Under California law, the elements of a claim for negligence are: (1) a legal duty to use due care, (2) a breach of such legal duty, and (3) the breach as the proximate or legal cause of the resulting injury.  Vasilenko v. Grace Fam. Church, 3 Cal. 5th 1077, 1083 (2017); Beacon Residential Cmty. Assn. v. Skidmore, Owings & Merrill LLP, 59 Cal. 4th 568, 573 (2014).  "The existence of a duty is a question of law."  Vasilenko, 3 Cal. 5th at 1083.

The County Defendants argue that Plaintiff's negligence claim fails because Plaintiff has failed to allege facts to show that either Defendant Sobzcak or Defendant MacLeod personally breached a duty of care to Plaintiff. (Doc. No. 7-1 at 11; Doc. No. 13 at 8.) The County Defendants contend that Plaintiff has only alleged facts showing that Defendants Sobzcak and MacLeod were included within a group of law enforcement officers that allegedly shot her. (Id.) The Court rejected this argument with respect to Plaintiff's § 1983 excessive force claim, and, thus, the Court likewise rejects this argument with respect to Plaintiff's negligence claim.

"'Under California law, police officers have a duty not to use excessive force.'" Lawrence v. City & Cty. of San Francisco, 258 F. Supp. 3d 977, 999 (N.D. Cal. 2017) (quoting Warren v. Marcus, 78 F. Supp. 3d 1228, 1251 (N.D. Cal. 2015)); see Mann v. City of Chula Vista, No. 18-CV-2525-WQH-MDD, 2020 WL 5759749, at *9 (S.D. Cal. Sept. 28, 2020) (Under California law, "[p]olice officers owe 'a duty to use reasonable care' in deciding whether to use and in fact using force."). Thus, Plaintiff's excessive force allegations are sufficient to satisfy the duty element of her negligence claim at the pleading stage. See Hofer v. Emley, No. 19-CV-02205-JSC, 2019 WL 4575389, at *18 (N.D. Cal. Sept. 20, 2019) ("Because Plaintiffs have plausibly alleged a Section 1983 excessive force claim, their negligence claim premised on the same conduct survives."). As a result, the Court declines to dismiss Plaintiff's claim for negligence.

## Conclusion

For the reasons above, the Court denies Defendants County of San Diego, Evan Sobzcak, and Jacob MacLeod's motion to dismiss. Defendants County of San Diego, Evan Sobzcak, and Jacob MacLeod must file their respective answers to Plaintiff's complaint within **30 days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: May 27, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT