1  Dean Gazzo Roistacher LLP
   Mitchell D. Dean,Esq. (SBN 128926)
2  Lee H. Roistacher, Esq. (SBN 179619)
   Heather E. Paradis (SBN 276650)
3  440 Stevens Avenue, Suite 100
   Solana Beach, CA  92075
4  Telephone:  (858) 380-4683
   Facsimile:  (858) 492-0486
5  E-mail: mdean@deangazzo.com
           hparadis@deangazzo.com
6

7  Attorneys for Defendant
   City Of La Mesa
8
                    **UNITED STATES DISTRICT COURT**
9
                  **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  MICHELLE HORTON,                  | Case No.:  No. 21-cv-400-H-BGS

                        Plaintiff,    | **MEMORANDUM OF POINTS AND**
12                                    | **AUTHORITIES IN SUPPORT OF**
             v.                       | **DEFENDANT CITY OF LA MESA'S**
13                                    | **MOTION FOR JUDGMENT ON**
    County of San Diego; Evan Sobzcak; | **THE PLEADINGS**
14  Jacob MacLeod; Unknown San
    Diego Sheriff's Department         | Hearing Date:
15  Personnel; City of La Mesa;        | Time:
    Unknown La Mesa Police             | Courtroom:         15A
16  Department Personnel,              | Judge:        Marilyn L. Huff

17                       Defendant.    | Trial Date: None set

18

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                    1

# TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................................................................4

AUTHORITY ...........................................................................................................4

ARGUMENT............................................................................................................5

      A.     Horton's *Monell* Claim Against The City Fails Because No City Policy Or Custom Was The Moving Force Behind A Constitutional Violation Committed Against Horton By A City Employee Because No City Employee Did Anything To Horton..................................................................5

      B.     Horton's State Law Claims Against The City Fail Because No City Employee Did Anything To Her ANd The City Cannot Be Vicariously Liable For The Alleged Conduct Of County Employees ........................................................................7

CONCLUSION..........................................................................................................7

Case No. No. 21-cv-400-H-BGS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AE v. County of Tulare*
    666 F.3d 631 (9th Cir. 2012)......................................................................6

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ...........................................................................5, 6

*Ayala v. County of Imperial*
    2017 U.S. Dist. LEXIS 16508 (S.D. Cal. Feb. 3, 2017) ..............................6

*Balistreri v. Pacifica Police Dep't*
    901 F.2d 696 (9th Cir. 1990).........................................................................5

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) ...........................................................................5, 6

*C.A. v. William S. Hart Union High Sch. Dist.*
    53 Cal. 4th 861 (2012) ................................................................................6

*Dworkin v. Hustler Magazine, Inc.*
    867 F.2d 1188 (9th Cir.1989).......................................................................4

*Gillette v. Delmore*
    979 F.2d 1342 (9th Cir. 1992).......................................................................6

*Webb v. Sloan*
    330 F.3d 1158 (9th Cir. 2003).......................................................................5

*Westlands Water Dist. v. Firebaugh Canal*
    10 F.3d 667 (9th Cir.1993).........................................................................5

*Yousefian v. City of Glendale*
    779 F.3d 1010 (9th Cir. 2015).......................................................................6

**Statutes**

42 U.S.C. § 1983................................................................................4, 5

Cal. Gov. Code, § 815(a) .............................................................................6

Cal. Gov. Code, § 815.2 ...............................................................................7

Cal. Gov. Code, §815.2(a) ............................................................................7

**Rules**

Fed. R. Civ. P. 12(b) ..................................................................................4

Fed. R. Civ. P. 12(c) ..................................................................................4

1

**INTRODUCTION**

2    Plaintiff Michelle Horton alleges she "was shot in the breast with a less-

3   lethal projectile in a drive-by shooting by law enforcement officers" "[o]n May

4   30, 2020." ECF Doc. No. 1, p. 1 ¶1. Horton had apparently joined in a "mass

5   protest" that day in the City of La Mesa in wake of George Floyd's death. *Id.* at

6   pp. 1-2 ¶2. Horton further alleges "law enforcement officers, believed to include

7   Defendants [San Diego County Sheriff's Deputies] Evan Sobzcak and Jacob

8   MacLeod, shot Horton in the breast with a less-lethal projectile while driving

9   past Horton." *Id.* at p. 4 ¶17. Horton alleges Deputies Sobczak and MacLoed

10  were County of San Diego employees acting within the course and scope of their

11  employment with the County at the time of the incident. *Id.* at p. 3 ¶ 12.

12    Despite alleging she was struck by a projectile fired by Deputies Sobzcak

13  and MacLeod, Horton nevertheless maintains a 42 U.S.C. section 1983 claim

14  against the City under *Monell v. Department of Social Services of the City of*

15  *New York*, 426 U.S. 658 (1978). ECF Doc. No. 1, pp. 7-9 ¶¶33-40. Horton

16  further alleges vicarious liability claims against the City for battery, negligence,

17  and a Bane Act violation. *Id.* at pp. 9-11 ¶¶41-56.

18    All Horton's claims against the City fail. *Monell* liability does not exist

19  against the City because no City policy or custom caused a *City employee* to

20  deprive Horton any constitutional right. To be sure, Horton does not allege that

21  any City employee did anything to her. And *Monell* liability against the City

22  does not exist for the conduct of Deputies Sobzcak and MacLeod because they

23  are not City employees. Nor can the City be vicariously liable under state law

24  for the conduct of Deputies Sobzcak and MacLeod.

25

**AUTHORITY**

26    "After the pleadings are closed – but early enough not to delay trial – a

27  party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions

28  for judgment on the pleadings are analyzed the same as Rule 12(b) motions to

4

1   dismiss.  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th

2   Cir.1989).  Dismissal is appropriate where the complaint fails to allege a

3   cognizable legal theory or fails to allege sufficient facts under a cognizable legal

4   theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990);

5   *see Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (delineating pleading

6   standards); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (same)

7   "[A] judgment on the pleadings is appropriate when, even if all allegations in the

8   complaint are true, the moving party is entitled to judgment as a matter of law."

9   *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir.1993).

## ARGUMENT

**A.    Horton's *Monell* Claim Against The City Fails Because No City Policy Or Custom Was The Moving Force Behind A Constitutional Violation Committed Against Horton By A City Employee Because No City Employee Did Anything To Horton**

Again, Horton only alleges Deputies (i.e., County employees) Sobzcak and

MacLeod violated her constitutional rights when shooting her with the less-lethal

projectile.  *See* ECF Doc. 1, p. 3 ¶ 12, p. 4 ¶ 17, p. 7 ¶¶ 29-31.  She alleges no

conduct directed at her by any City employee much less conduct amounting to a

constitutional violation committed against her.

Section 1983 "imposes liability on a government that, under color of some

official policy, 'causes' *an employee* to violate another's constitutional rights."

*Monell*, 436 U.S. at 692 (emphasis added); *see also Webb v. Sloan*, 330 F.3d

1158, 1164 (9th Cir. 2003) ("[T]he actions of *individual employees* can support

liability against a municipality under § 1983 only if *those employees* were acting

pursuant to an official municipal policy.") (emphasis added).  Indeed, Horton

agrees *Monell* liability against a municipality is dependent on an employee's

unconstitutional act.  ECF Doc. No. 1, p. 8 ¶36 (alleging under *Monell* that "a

local governing body may be held liable for violations of constitutional rights

committed by the *entity's employees* if the violations arose from, among other

things: (a) an official policy or settled practice/custom among the *entity's employees*; and/or (b) deliberate indifference to training and supervision policies that are inadequate to prevent violations of the law by the *entity's employees*.") (emphasis added).

Because Horton alleges no constitutional violation committed by any City employee, Horton's *Monell* claim against the City fails.  *Monell*, 436 U.S. at 692; *see e.g., Ayala v. County of Imperial*, 2017 U.S. Dist. LEXIS 16508,  at *19-20 (S.D. Cal. Feb. 3, 2017) ("The County argues that the FAC fails to even allege that one of its officers shot Ayala, and this argument is well-taken. If none of the County's officers shot Ayala, the County cannot be liable under a *Monell* theory, or any other theory."); *see also Yousefian v. City of Glendale*, 779 F.3d 1010, 1016 (9th Cir. 2015) (no *Monell* liability when there is no underlying constitutional violation by an employee).

Horton may argue the City can be liable under *Monell* for the alleged unconstitutional conduct by Deputies Sobzcak and MacLeod because the City allegedly "authorized the presence of County/Department personnel within City limits, including the authorization to use force, including the use of force used on Horton." ECF Doc. No. 1, p. 5 ¶20.  The argument would fail.  Assuming the City "authorized" the County to operate within City limits and authorized the use of force employed by Deputies Sobzcak and MacLeod, this type of "authorization" is not a recognized basis for *Monell* liability.  *See Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (describing three ways in which *Monell* imposes liability against a municipality for unconstitutional employee conduct).  Even assuming the City's "authorization" is a viable *Monell* theory, Horton's conclusory allegations of the "authorization" are insufficient. *See AE v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (*Twombly/Iqbal* pleading standards apply to *Monell* claims).

///

**B.    Horton's State Law Claims Against The City Fail Because No City Employee Did Anything To Her And The City Cannot Be Vicariously Liable For The Alleged Conduct Of County Employees**

Liability against the City is strictly statutory.  Cal. Gov. Code, § 815(a); *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 868 (2012) ("Section 815 establishes that public entity tort liability is exclusively statutory.").  The statutory basis on which Horton seeks to hold the City liable is California Government Code section 815.2.  *See* ECF Doc. No. 1, pp. 9-10 ¶ 39, p. 10 ¶ 51, p. 11 ¶ 56.  Section 815.2 provides that "[a] public entity is liable for injury proximately caused by an *act or omission of an employee of the public entity within the scope of his employment* if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."  Cal. Gov. Code, §815.2(a) (emphasis added).

As already demonstrated, Horton alleges no act or omission by any City employee within the course and scope of City employment.  And section 815.2 does not authorize liability against the City for acts or omissions of Deputies Sobzcak and MacLeod within the course and scope of their employment with the County.

## CONCLUSION

Horton fails to allege any cognizable claims against the City.   This Court should accordingly grant the City's motion for judgment on the pleadings.


Dated: August 27, 2021                          Dean Gazzo Roistacher LLP


                                   By: */s/ Lee H. Roistacher*
                                          Mitchell D. Dean
                                          Lee H. Roistacher
                                          Heather E. Paradis
                                          Attorneys for Defendant
                                          City Of La Mesa

7