# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE HORTON,<br><br>                                    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; EVAN SOBZCAK; JACOB MACLEOD; UNKNOWN SAN DIEGO SHERIFF'S DEPARTMENT PERSONNEL; CITY OF LA MESA; and UNKNOWN LA MESA POLICE DEPARTMENT PERSONNEL,<br><br>                                    Defendants. | Case No.: 21-cv-00400-H-BGS<br><br>**ORDER GRANTING DEFENDANT CITY OF LA MESA'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Doc. No. 21.] |

On August 27, 2021, Defendant City of La Mesa filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 21.) On September 13, 2021, Plaintiff filed a response in opposition to La Mesa's motion for judgment on the pleadings. (Doc. No. 23.) On September 16, 2021, the La Mesa filed its reply. (Doc. No. 25.) The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below, the Court grants La Mesa's motion for judgment on the pleadings.

///

## Background

The following factual background is taken from the allegations in Plaintiff's complaint. On May 30, 2020, Plaintiff's children were peacefully participating in mass protests in La Mesa, California. (Doc. No. 1, Compl. ¶¶ 1-2, 17-18.) Plaintiff was waiting to meet up with her children, so they could go home. (Id.) At the relevant time, Plaintiff was standing on a sidewalk, near a well-lit gas station, at the corner of Spring Street and University Avenue in La Mesa. (Id. ¶ 17.)

Plaintiff alleges that while standing there, law enforcement officers, believed to include Defendants Evan Sobzcak and Jacob MacLeod, shot her in the breast with a less-lethal projectile while driving past her. (Id.) Plaintiff alleges that, when shot, she was unarmed; not engaged in any criminal, raucous, or destructive activity; did not pose any threat of harm to anyone; and was not resisting or fleeing arrest. (Id. ¶ 19.) Plaintiff alleges that she was not immersed in a crowd of unruly protestors, nor was she near anyone engaged in criminal, raucous, or destructive activity. (Id.)

On March 5, 2021, Plaintiff filed a complaint against Defendants County of San Diego, Sobzcak, MacLeod, and La Mesa, alleging claims for: (1) 42 U.S.C. § 1983 – excessive force; (2) 42 U.S.C. § 1983 – Monell;[1] (3) Bane Act, California Civil Code § 52.1(b); (4) battery; and (5) negligence. (Doc. No. 1, Compl.) By the present motion, Defendant La Mesa moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings on all of Plaintiff's claims against La Mesa. (Doc. No. 21-1 at 4, 7.)

## Discussion

**I.    Legal Standards for a Rule 12(c) Motion for Judgment on the Pleadings**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "'Judgment on the pleadings is properly granted when[, accepting all factual allegations in the complaint as true,] there is no issue of material fact in dispute, and the moving party is

---

[1] Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978).

entitled to judgment as a matter of law.'" Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). The Ninth Circuit has explained that the standard for deciding a Rule 12(c) motion "is 'functionally identical'" to the standard for deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (quoting Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989)); accord Chavez, 683 F.3d at 1108.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d

938, 945 (9th Cir. 2014). But a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); see Telesaurus, 623 F.3d at 1003 (9th Cir. 2010).

## II.   Analysis

### A.   Plaintiff's Monell Claim

In the complaint, Plaintiff alleges a Monell claim against Defendant La Mesa. (Doc. No. 1, Compl. ¶¶ 33-40.) Defendant La Mesa argues that Plaintiff's Monell claim should be dismissed because Plaintiff does not allege that any employee of the City of La Mesa committed a constitutional violation against her. (Doc. No. 25 at 2-5.)

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691; see also Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) ("[A] municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates."). Rather, "municipalities may only be held liable under section 1983 for constitutional violations resulting from official county policy or custom." Benavidez v. Cty. of San Diego, 993 F.3d 1134, 1153 (9th Cir. 2021); see also Monell, 436 U.S. at 692 (Section 1983 "imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights.").

A Monell claim is derivative of a claim against a municipal employee and requires

an underlying civil rights claim against a municipal employee.  Lockett v. Cty. of Los Angeles, 977 F.3d 737, 740 (9th Cir. 2020); see also Santor v. Harwell, No. 1:19-CV-1593 AWI SKO, 2020 WL 5017616, at *15 (E.D. Cal. Aug. 25, 2020) ("Without a constitutional violation by an employee of a governmental entity, there is no Monell liability.").  In light of this, several courts have held a plaintiff cannot bring a Monell claim against a municipality if the tortfeasors at issue are not employees of that municipality.  See, e.g., Buckheit v. Dennis, No. C 09-5000 JCS, 2010 WL 3751889, at *5 (N.D. Cal. Sept. 24, 2010) ("Plaintiff cannot plead a Monell claim against the County.  The arresting officers were not County employees.  Plaintiff has not cited a single case that extends Monell liability to employees of another municipality."); Smith v. Cty. of Stanislaus, No. CV 11-1655-LJO-SKO, 2012 WL 1205522, at *5 (E.D. Cal. Apr. 11, 2012) ("To state a Monell claim against the County, Ms. Smith must allege that an employee of the County violated her constitutional rights. As set forth above, however, grand jury members are not County employees.  Accordingly, Ms. Smith has failed to state a Monell claim against the County, because the alleged wrongful acts were performed by the grand jury members, not County employees.").

In the complaint, Plaintiff alleges that law enforcement officers, believed to include Defendants Sobzcak and MacLeod, shot her in the breast with a less-lethal projectile while driving past her even though she was unarmed; not engaged in any criminal, raucous, or destructive activity; did not pose any threat of harm to anyone; and was not resisting or fleeing arrest. (Doc. No. 1, Compl. ¶¶ 17, 19.)  Defendants Sobzcak and MacLeod are the underlying tortfeasors with respect to Plaintiff's Monell claim.  (See id. ¶¶ 17, 34-35.)  But Plaintiff does not allege that Defendants Sobzcak and MacLeod are employees of Defendant La Mesa.  To the contrary, Plaintiff alleges that Defendants Sobzcak and MacLeod "are each individuals who, at all times relevant hereto, were County [of San Diego] employees engaged in the course and scope of their employment as Department Deputies, and acting under color of state law."  (Id. ¶ 12)

Because the alleged torfeasors at issue, Defendants Sobzcak and MacLeod, are not

employees of Defendant La Mesa, Plaintiff's Monell claim against Defendant La Mesa fails as a matter of law.[2]  See, e.g., Buckheit, 2010 WL 3751889, at *5; Smith, 2012 WL 1205522, at *5; Santor, 2020 WL 5017616, at *15.  As such, the Court dismisses Plaintiff's Monell claim against Defendant La Mesa without leave to amend.

       C.      Plaintiff's State Law Claims

In the complaint, Plaintiff alleges three state law claims against La Mesa for: (1) violation of the Bane Act, California Civil Code § 52.1; (2) battery; and (3) negligence. (Doc. No. 1, Compl. ¶¶ 41-56.)  Defendant La Mesa argues that all of Plaintiff's state law claims against it should be dismissed because there is no statutory basis for holding La Mesa vicariously liable for the alleged conduct of the individual defendants at issue. (Doc. No. 21-1 at 7.)

"[California Government Code §] 815 establishes that public entity tort liability is exclusively statutory."  C.A. v. William S. Hart Union High Sch. Dist., 53 Cal. 4th 861, 868 (2012).  Section 815 provides: "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  Cal. Gov't Code § 815.

As the statutory basis for asserting liability against the City of La Mesa, Plaintiff cites to California Government Code § 815.2 in her complaint. (Doc. No. 1, Compl. ¶¶ 45, 51, 56.)  California Government Code § 815.2 provides: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given

---

[2]     The Court does not find persuasive Plaintiff's citation to Silberberg v. Lynberg, 186 F. Supp. 2d 157, 170 n.11 (D. Conn. 2002), (Doc. No. 23 at 7), as it is a non-binding out-of-circuit district court decision.  District courts within the Ninth Circuit have held that a Monell claim cannot proceed against a municipality if the tortfeasors at issue are not employees of that municipality.  See Buckheit, 2010 WL 3751889, at *5; Smith, 2012 WL 1205522, at *5.  In addition, Silberberg involved "a cooperative law enforcement operation" called the "Valley Street Crime Unit ('VSCU')" that involved at least six different towns. 186 F. Supp. 2d at 161 ("The VSCU is a law enforcement body created by an interlocal agreement among municipalities in the Naugatuck Valley area, and involving personnel from each of the member municipalities and from the Connecticut State Police.").  Plaintiff fails to adequately explain how the VSCU at issue in Silberberg is analogous to the alleged facts in this case.

rise to a cause of action against that employee or his personal representative."

In her state law claims, Plaintiff seeks to hold Defendant La Mesa vicariously liable for the acts of the individual defendants, Defendants Sobzcak and MacLeod, pursuant to Section § 815.2. But Defendant La Mesa can only be vicariously liable under Section 815.2 for the acts "of an employee." Cal. Gov't Code § 815.2. Plaintiff does not allege that the individual defendants, Defendants Sobzcak and MacLeod, are employees of Defendant La Mesa. To the contrary, Plaintiff alleges that Defendants Sobzcak and MacLeod "are each individuals who, at all times relevant hereto, were County [of San Diego] employees engaged in the course and scope of their employment as Department Deputies, and acting under color of state law." (Doc. No. 1, Compl. ¶ 12.) As such, Plaintiff's reliance on Section 815.2 to assert liability on Defendant La Mesa is deficient as a matter of law.

Plaintiff notes that California law defines "an employee" as "an officer, judicial officer as defined in Section 327 of the Elections Code, employee, or servant, whether or not compensated, but [not] an independent contractor." Cal. Gov't Code § 810.2. (Doc. No. 23 at 7.) But this is of no consequence. Plaintiff does not assert that she can adequately allege that Defendants Sobzcak or MacLeod constitute "employees" of Defendant La Mesa under the definition set forth in Section 810.2.[3] As such, Plaintiff has failed to adequately allege a statutory basis for holding Defendant holding La Mesa vicariously liable for the alleged conduct of the individual defendants with respect to Plaintiff's state law claims.

---

[3] In her opposition, Plaintiff attempts to assert that "right to control" by itself is sufficient to establish that an individual defendant is an "employee" of a public entity. (Doc. No. 23 at 7-8.) To support this assertion, Plaintiff cites to Townsend v. State of California, 191 Cal. App. 3d 1530, 1535 (1987). Townsend does not support Plaintiff's assertion. In Townsend, the California Court of Appeal noted that the Restatement defined the term "servant" as "'. . . [a] person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control.'" Townsend, 191 Cal. App. 3d at 1535 (quoting Rest. 2d. Agency § 220(1)). Thus, both Townsend and the Restatement defined the term "servant" as someone who is not only subject to a "right to control," but who is also "employed to perform services." Id. Plaintiff does not allege that the individual defendants, Defendants Sobzcak and MacLeod, are or were employed by Defendant La Mesa.

As a result, the Court dismisses Plaintiff's state law claims against La Mesa without leave to amend.

## Conclusion

For the reasons above, the Court grants Defendant City of La Mesa's motion for judgment on the pleadings without leave to amend. Because the Court has dismissed all of Plaintiff's claims against Defendant City of La Mesa without leave to amend, the Court dismisses Defendant City of La Mesa from the action with prejudice. The action will proceed against the remaining Defendants: County of San Diego, Evan Sobzcak, and Jacob MacLeod.

**IT IS SO ORDERED.**

DATED: September 23, 2021

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT