# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michelle Horton, | Case No. 21-cv-400-H-BGS |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| County of San Diego; Evan Sobzcak; Jacob MacLeod; and Unknown San Diego Sheriff's Department Personnel, | [ECF 27] |
| Defendants. | |

On October 22, 2021, the parties filed a Joint Motion for Entry of Protective Order, (ECF 27), and submitted a proposed Order with the language set forth below.[1] The parties' Joint Motion is **GRANTED** and the Protective Order is entered as follows.

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for various reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

---

[1] The parties' proposed Protective Order has been modified at paragraph 14 to reflect that the parties must follow the undersigned's Chambers Rules to timely raise any objection to a confidentiality designation as a discovery dispute. To the extent the parties object to this modification, they must jointly contact Judge Skomal's Chambers within 10 days of the filing of this Order to seek modification of the Protective Order.

1

The materials to be exchanged throughout the course of the litigation between the parties may contain information within the category(ies) of information contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, video, audio recordings, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; video; audio recordings; memoranda; bulletins; blueprints; specifications; minutes; telegrams; letters; statements; contracts; invoices; drafts; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

**Counsel for Plaintiff**

Gerald Singleton (SBN 208783)
Brody A. McBride (SBN 270852)
Trenton G. Lamere (SBN 272760)
SINGLETON SCHREIBER
McKENZIE & SCOTT, LLP
450 A Street, 5th Floor
San Diego, CA 92101
P: (619) 771-3473
F: (619) 255-1515
gsingleton@ssmsjustice.com

bmcbride@ssmsjustice.com
tlamere@ssmsjustice.com

**Counsel for Defendants**

STEVEN P. INMAN, II, Senior Deputy (State Bar No. 227748)
JENNIFER M. MARTIN, Deputy
OFFICE OF COUNTY COUNSEL
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 884-2931; Fax: (619) 531-6005
E-mail:
Steven.Inman@sdcounty.ca.gov
Jennifer.Martin2@sdcounty.ca.gov

## GENERAL RULES

4.  Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

   a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the operations of such party, or would unduly burden a protected right of privacy or confidentiality.

   b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information, and information for which disclosure may jeopardize law

enforcement operations, safety or security.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking. Wherever practicable, the designation of "CONFIDENTIAL" shall be made by the producing Party, person or entity prior to, or contemporaneously with, production or disclosure.

6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

    c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR

COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal pursuant to the terms outlined herein and identified as being subject to this Order.

7. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 4) of the receiving party, except as set forth herein, or in any subsequent order of the Court, or by the express written consent of counsel.

9. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 4) of the receiving party, by court personnel, and by the additional individuals listed below, <u>provided each such individual has read this Order in advance of disclosure and has agreed to be bound by its terms</u>:

    a. Parties to this action;
    b. Any actual or potential witness;
    c. Any person testifying at a deposition;
    d. Any expert, technical advisor, or consultant, retained, employed, or consulted by any party for the purposes of this action;
    e. Executives/public officials who are required to participate in policy decisions with reference to this action;
    f. Stenographic (court reporter or videographer recording or transcribing testimony in any deposition, hearing, or other proceeding) and clerical employees (including paralegals and law clerks) associated with the

individuals identified above.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

13. The Parties recognize it is the burden of the party seeking to protect and/or file materials under seal to demonstrate that the materials should be protected and/or filed under seal. A party seeking to file material(s) under seal must provide written notice of the intent to file such material(s) to the party who produced the material(s), at least ten (10) calendar days before filing such material(s). This written notice shall include the specific portions of the material(s) sought to be filed with the Court. The producing party may then, before 5:00 p.m. on the fourteenth calendar day after receiving written notice, follow appropriate procedures to file under seal the material(s) that the producing party has designated "CONFIDENTIAL" and/or "CONFIDENTIAL - FOR COUNSEL ONLY." If no effort is made by the producing party to file the material(s) under seal in

that timeframe, the party desiring to file the confidential information may do so publicly (i.e., *not* under seal). If the producing party made efforts to seek the sealing of the material(s), the party desiring to file the confidential information may not file the documents publicly absent stipulation or court order.

14. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection.[2] The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

15. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

---

[2] The parties must fully comply with Section V of Judge Skomal's Chambers Rules to timely raise any dispute regarding a confidentiality designation as a discovery dispute.

17. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" – SUBJECT TO PROTECTIVE ORDER.

18. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

19. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

20. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

22. Within sixty (60) days of the final termination of this action, including any and all appeals, counsel for each party must–upon written request–return all confidential

information to the party that produced the information, including any copies and excerpts, or must destroy the same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.  The Court may, in its discretion destroy, return, or take no action with respect to materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY", except where an ex parte motion for an order authorizing a specific course of action is granted.

23. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by pre-production documentation.

24. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

25. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

26. Compliance with this Order may vary by written agreement of the parties, and this Order may be modified by agreement of the parties, subject to approval by the

Court.

27. The Parties acknowledge and agree that, without separate court order, this Protective Order and the Parties' stipulation thereto does not change, amend, or circumvent any court rule or local rule.

28. The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of these modifications, prior to entry of such order.

29. The Parties may also agree to modify the terms and conditions of this Protective Order, subject to approval by the Court.

**IT IS SO ORDERED.**

Dated: November 4, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge