Kimberly Trimble (SBN 288682)
ktrimble@singletonschreiber.com
SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025
San Diego, California 92108
P: (619) 771-3473
F: (619) 255-1515

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michelle Horton,<br><br>          Plaintiff,<br><br>     v.<br><br>County of San Diego; Jacob MacLeod;<br>and Unknown San Diego Sheriff's<br>Department Personnel,<br><br>          Defendants. | No. 3:21-cv-00400-H-BGS<br><br>**PLAINTIFF**<br>**MICHELLE HORTON'S**<br>**AMENDED MEMORANDUM**<br>**OF CONTENTIONS OF FACT**<br>**AND LAW**<br><br><u>Judge</u>: Hon. Marilyn L. Huff<br><u>Courtroom</u>: 15A<br><br><u>Complaint Filed</u>: March 5, 2021<br><u>Final Pretrial Conference</u>:<br>March 20, 2023 at 10:30 a.m. |

Plaintiff hereby complies with Local Rule 16(f)(2) by submitting this memorandum of contentions of fact and law.

\ \ \

\ \ \

\ \ \

1

# Table of Contents

I. Introduction ................................................................................................................ 3

II. Contentions of Fact .................................................................................................... 3

III. Law ........................................................................................................................... 4

FIRST CAUSE OF ACTION:  EXCESSIVE FORCE (42 U.S.C. § 1983) .......................... 4

SECOND CAUSE OF ACTION: "MONELL CLAIM" (42 U.S.C. § 1983)......................... 5

THIRD CAUSE OF ACTION: "BANE ACT CLAIM" (Cal. Civ. Code § 52.1(b)) ............ 6

FOURTH CAUSE OF ACTION:  BATTERY ...................................................................... 8

FIFTH CAUSE OF ACTION:  NEGLIGENCE ................................................................... 8

IV. Abandoned Issues ..................................................................................................... 9

V. Witnesses .................................................................................................................. 9

VI. Exhibits .................................................................................................................. 12

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF
FACT AND LAW

21-cv-00400-H-BGS

## I. Introduction

Plaintiff Michelle Horton works as an account executive for Cigna, managing the pharmacy contract with the Department of Defense. She has two children, both of whom recently graduated from the University of California – Davis.

This case arises from injuries that Plaintiff Michelle Horton sustained when she accompanied her children to a protest in La Mesa, California on May 30, 2020. While her children were actively engaged in peacefully protesting, Ms. Horton was waiting for them at a Chevron gas station. Ms. Horton was standing near the sidewalk observing her surroundings when four San Diego County Sheriff's Department vehicles drove by, and she was struck in the left breast by a less-lethal projectile. Unlike other areas of the protest, such as the area near the La Mesa Police Station, no one at the Chevron gas station was engaging in violent or riotous behavior. It is further undisputed that Ms. Horton did not engage in any threatening behavior. The central issue at trial will be whether it was a sheriff's deputy who fired the shot that struck Ms. Horton.

## II. Contentions of Fact

On May 30, 2020, Ms. Horton accompanied her two adult children to a public protest in La Mesa, California.

Around 9:00pm, Ms. Horton was standing at a Chevron gas station on the corner of University Avenue and Spring Street, which was a couple blocks away from the main protest area. Ms. Horton was unarmed, not carrying anything in her hands, and not engaged in any threatening conduct.

At the same time, four vehicles of the San Diego Sheriff's Department were driving past the Chevron station. The drivers of the vehicles were Deputy Evan Sobczak, Deputy Jess Allensworth, Deputy Kenneth Newsom, and Deputy Marshall Abbott. The passengers in the vehicles were Deputy Jacob MacLeod, Deputy Kyle Babcock, Deputy Stacey Rojas (Ralph), Sergeant Shawn Silva,

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF
FACT AND LAW                                    21-cv-00400-H-BGS

Deputy Justin Cole, Deputy Vernon Willis, Jr., Deputy Jorge Maleno Huerta, Deputy Darin Smith, Deputy Kevin Boegler, and Deputy Hugh Davidson .

None of the deputies observed any threatening behavior from the people located at the Chevron station. None of the deputies observed any threatening behavior by Ms. Horton.

Deputy MacLeod or one of the other passenger deputies intentionally fired a round of less-lethal projectile (also known as a "bean bag round") at the non-threatening individuals at the Chevron station, including Ms. Horton.

In firing the projectile, the shooting deputy acted with reckless disregard of Ms. Horton's constitutional rights.

The projectile struck Ms. Horton in the left breast. As a result of being struck, Ms. Horton suffered severe pain and emotional distress. The impact caused her breast to bleed. Later the area of impact had substantial bruising. Ms. Horton's physical injury did not fully heal until several months later.

The firing of the projectile at Ms. Horton was the direct result of the Sheriff's Department's (1) policy and practice of using unconstitutional force (including projectile and impact devices) for crowd control purposes regardless of protesters' individual actions; (2) policy and practice of firing less-lethal projectiles from inside a moving vehicle; (3) lack of training regarding the use of less-lethal projectiles fired from inside a moving vehicle, and (4) lack of training regarding officers' performing their crowd-control duties within the bounds of the First, Fourth, and Fourteenth Amendments.

Each deputy in the caravan was acting under color of state law and was acting within the course and scope of their employment as law enforcement officers with the San Diego County Sheriff's Department.

## III. Law

**FIRST CAUSE OF ACTION: EXCESSIVE FORCE (**42 U.S.C. § 1983)

Plaintiff brings a cause of action under section 1983 for excessive force by

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                    21-cv-00400-H-BGS

Defendant MacLeod.  If the jury finds that MacLeod was the shooter, then MacLeod's use of force on Ms. Horton was objectively unreasonable under the Fourth Amendment. See Ninth Cir. Model Civ Jury Instr. No. 9.25.

"Demonstrations can be expected when the government acts in highly controversial ways, or other events occur that excite or arouse the passions of the citizenry." *Collins v. Jordan*, 110 F.3d 1363, 1372 (9th Cir. 1996). "The more controversial the occurrence, the more likely people are to demonstrate[, and s]ome of these demonstrations may become violent." *Id.* Yet the "courts have held that the proper response to potential and actual violence is for the government to ensure an adequate police presence…and to arrest those who actually engage in such conduct, rather than to suppress legitimate First Amendment conduct as a prophylactic measure." *Id.* (citation omitted).

Use of force for mere crowd control purposes, regardless of whether protestors' individual actions justify such use of force, is unconstitutional.  *See, e.g., Nelson v. City of Davis*, 685 F.3d 867, 885 (9th Cir. 2012) (citing precedents holding that using pepper spray against individuals "who were suspected of only minor criminal activity, offered only passive resistance, and posed little to no threat of harm to others" was excessive force and concluding that using force against individuals "whose only transgression was the failure to disperse as quickly as the officers desired, would violate the Fourth Amendment").

**SECOND CAUSE OF ACTION: "MONELL CLAIM" (**42 U.S.C. § 1983)

Plaintiff brings a cause of action under section 1983 for the Sheriff's Department's (1) policy and practice of using unconstitutional force (including projectile and impact devices) for crowd control purposes regardless of protesters' individual actions; (2) policy and practice of firing less-lethal projectiles from inside a moving vehicle; (3) lack of training regarding the use of less-lethal projectiles fired from inside a moving vehicle, and (4) lack of training regarding officers' performing their crowd-control duties within the bounds of the First, Fourth, and Fourteenth

5

Amendments. These policies and practices violated Ms. Horton's rights under both the First, Fourth, and Fourteenth Amendments. *See City of Canton v. Harris*, 489 U.S. 378, 390 (1989) ("[I]t may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."); *see also Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 409 (1997) ("In *Canton*, we did not foreclose the possibility that evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability."); *see also Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006) ("A plaintiff [ ] might succeed in proving a failure-to-train claim without showing a pattern of constitutional violations where 'a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations.'").

**THIRD CAUSE OF ACTION: "BANE ACT CLAIM"** (Cal. Civ. Code § 52.1(b))

Plaintiff brings a cause of action under California Civil Code section 52.1, asserting that the sheriff's deputy shooter used excessive force that violated Ms. Horton's Fourth Amendment rights by intimidation and coercion. *Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (stating "the use of excessive force can be enough to satisfy the 'threat, intimidation or coercion' element of Section 52.1.").

The Bane Act does not require the "threat, intimidation or coercion" element of the claim to be transactionally independent from the alleged constitutional violation. *Reese,* 888 F.3d at 1043 (citing *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766 (2017)).

A claim under the Bane Act requires the plaintiff to prove "specific intent," but "it is not necessary for the defendants to have been thinking in constitutional or legal terms at the time of the incidents, because a reckless disregard for a person's

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                    21-cv-00400-H-BGS

constitutional rights is evidence of a specific intent to deprive that person of those rights." *Reese*, 888 F.3d at 1045 (internal quotations omitted).

Defendant County of San Diego is vicariously liable for the Bane Act violation of its employee.  Cal. Gov. Code § 815.2.

Even if the jury finds it was not Deputy MacLeod who fired the shot, that finding would not be fatal to any of the *state law* claims against the County. That is because the County is still liable for state torts committed by any of the deputies in the caravan. *Perez v. City of Huntington Park*, 7 Cal.App.4th 817, 821 (1992) (establishing that an individual officer need not be named—nor even identified—for the public entity to be liable for his actions under state law). In *Perez*, the plaintiff was a bystander who was battered by police officers employed by the City who were responding to a disturbance in plaintiff's apartment building. *Id.* at 819. The plaintiff initially filed a complaint naming only the City and Doe defendants, but later specifically identified four individual officers by name as defendants. *Id.* At trial, the court's verdict was in favor of the four named individual officers, but it found the City defendant was liable. *Id.* The trial court explained that, despite plaintiff's inability to identify which specific officer(s) hit him and the court's corresponding inability to determine which of the officers hit him, the City was still liable because the plaintiff had proven that he was hit by at least one police officer acting in his official capacity in the course and scope of his employment. *Id.*

The appellate court affirmed that decision, explaining that "[a] plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is not required to name or join the employees as defendants." *Id.* at 820 (highlighting that government entities are vicariously liable for their employees' torts under California Government Code § 815.2).

In this case, that means a jury could still find that the County is liable for torts committed by a sheriff's deputy even if the jury believes that deputy was not Defendant MacLeod. Accordingly, if the jury finds by a preponderance that the shooter was *a*

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                    21-cv-00400-H-BGS

*deputy—=any deputy*—the County is liable.

**FOURTH CAUSE OF ACTION:  BATTERY**

Plaintiff brings a cause of action of battery under California law.  *See So v. Shin*, 212 Cal. App. 4th 652, 669 (2013) ("The essential elements of a cause of action for battery are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching.") (citations omitted).

In the present context (allegation of excessive force), the central question is whether the use of force was reasonable.  *See Stanley v. Cty. of San Diego*, No. 16cv1227-MMA (AGS), 2018 U.S. Dist. LEXIS 10936, at *25, 2018 WL 539081, at *10 (S.D. Cal. Jan. 23, 2018) ("Negligence claims stemming from allegations of excessive force by a police officer are . . . analyzed under the Fourth Amendment's reasonableness standard.") (quotations and citations omitted).

Again, the County is vicariously liable if the jury finds that any deputy in the caravan committed battery against Ms. Horton.  Cal. Gov. Code § 815.2; *Perez*, 7 Cal. App. 4th 817.

**FIFTH CAUSE OF ACTION:  NEGLIGENCE**

Plaintiff brings a cause of action for negligence under California law.  "In order to prove facts sufficient to support a finding of negligence, a plaintiff must show that the defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury."  *Hayes v. Cnty. of San Diego*, 305 P.3d 252, 255 (Cal. 2013) (internal quotation marks and citations omitted).

"Negligence claims stemming from allegations of excessive force by a police officer are ... analyzed under the Fourth Amendment's reasonableness standard."  *Carter v. City of Carlsbad*, 799 F. Supp. 2d 1147, 1164 (S.D. Cal. 2011).

Under California law, "police officers have a duty not to use excessive force."  *Warren v. Marcus*, 78 F.Supp.3d 1228, 1251 (N.D. Cal. 2015) (internal quotation marks

8

omitted).

Pursuant to Local Civil Rule 16.1(f)(3)(a) of the Southern District of California, Plaintiff sets forth the following:

Specific Act(s) of Negligence:  Deputy shooting Ms. Horton with the projectile, from a moving vehicle, where Ms. Horton did not present any type of threat to any person.

Specific Laws or Regulations:   This claim is based on the totality of the circumstances supporting a finding of unreasonable force (rather than a theory of "negligence per se" arising from the violation of specific statutes or regulations).

Res Ipsa Loquitur:  Plaintiff does not rely on the theory of res ipsa loquitur.

List of Injuries:  Plaintiff suffered physical harm to her left breast, emotional distress, and temporary loss of enjoyment of life activities (such as running for exercise) due to her physical injuries.

Permanent Injuries:  Plaintiff is not aware of any permanent physical injuries arising from the incident.

Special damages to Date: $784.45

Lost Earnings:  None claimed.

Property Damage:  None claimed.

**IV. Abandoned Issues**

On March 21, 2022, this Court granted the parties' joint motion to dismiss Deputy Evan Sobczak without prejudice. *See* Order Granting Jt. Mot., ECF No. 37.

**V. Witnesses**

Plaintiff intends to call the following witnesses at trial:

1. **Michelle Horton** – Plaintiff, who may be contacted through Plaintiff's counsel.

2. **Laura Ibarguren** – Plaintiff's daughter, who may be contacted through

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF                    21-cv-00400-H-BGS
FACT AND LAW

Plaintiff's counsel.

3. **Jon Ibarguren** – Plaintiff's son, who may be contacted through Plaintiff's counsel.

4. **Scott DeFoe** – Identified as a use-of-force expert witness for Plaintiff. Mr. DeFoe has twenty-eight years of law enforcement experience, including his tenure with the Los Angeles Police Department where he was assigned to Special Weapons and Tactics (SWAT), as a Sergeant II+1 where he assisted with the security protocols and procedures, Crowd Management and at many events to include: the 2000 Democratic Convention, Lakers Playoff Games/ Championships/Parades, protests (planned and spontaneous), Oscars, World Cup, Dodgers Games, Grammy's, Emmy's, and President of the United States (POTUS) visits to Los Angeles. He was also a member of Los Angeles Police Department's Training Cadre and Instructor from 2000-2009 on Crowd Management, Crowd Control, Crowd Behavior, Pre-planned and Spontaneous Demonstrations, Mobile Field Force, Incident Command System (ICS), Standardized Emergency Management System (SEMS), strategies, tactics, Use of Force (Chemical Agents/Irritants, Impact Weapons, Long Range Impact Devices-40mm/37mm, Remington 870 Bean Bag/Super Sock Shotgun, Taser Electronic Control Device, Team Take Down, Personal Body Weapons), De-escalation and Defusing Strategies and Techniques, Verbal Strategies, completion of Use of Force Investigations/Reports, Mobile Jails, Arrests and Booking, and After-Action Reports. As a supervisor, Mr. DeFoe investigated over 100 use of force incidents and was personally involved in the use of lethal and less than lethal force incidents. Mr. DeFoe will opine: (1) that if a San Diego Sheriff's Deputy intentionally shot Ms. Horton with a bean bag shotgun, it was an unreasonable, inappropriate, and excessive use of force, (2) that if any San Diego County Sheriff's Deputy fired a bean bag shotgun "from a moving Police Vehicle at the

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                                   21-cv-00400-H-BGS

corner of Spring Street and University Avenue in La Mesa that was populated with numerous citizens to include Ms. Michelle Horton who were unarmed and not engaged in criminal behavior or destructive activity and did not pose a threat to anyone and were not resisting arrest or fleeing it would be an unreasonable, inappropriate, and excessive use of force," and (3) that Ms. Horton's injuries are consistent with being shot by a bean bag shotgun that is not available to non-law enforcement or non-military personnel.

5. **Dr. Martin Chenevert, MD, FACEP** – Identified as a medical expert witness for Plaintiff. Dr. Chenevert is a board-certified emergency physician in full-time practice for the past 30 years. He is an attending emergency physician at UCLA-Santa Monica Medical Center. He is an Assistant Clinical Professor at the UCLA School of Medicine. He is a Fellow of the American College of Emergency Physicians. He has served as a medical expert in over 175 cases for the California Superior Court and United States District Court. He has treated thousands of patients with injuries sustained in a variety of ways, including "non-lethal projectiles" fired by law enforcement, as well as injuries caused by a wide variety of thrown objects. He is familiar with the nature of injuries caused by these mechanisms, and with the time course of healing of such injuries. He will opine that Ms. Horton's injuries are consistent with being struck by a bean bag round fired by a shotgun, and that they are not consistent with being struck by a thrown object, such as a rock or other object.

6. **Dr. Saima Fatima Lodhi, MD** – Medical professional who provided treatment to Plaintiff, who may be contacted at Scripps Health, P.O. Box 235498, Encinitas, CA 92023-5498, (619) 278-3300. Identified as an eyewitness and unretained expert witness pertaining to the medical treatment Plaintiff received after the incident on May 30, 2020.

7. **Jacob Macleod** – Defendant employed by San Diego County Sheriff's

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                                    21-cv-00400-H-BGS

Department, who may be contacted through Office of County Counsel.

8. **Evan Sobczak** – Employed by the San Diego County Sheriff's Department, who may be contacted through Office of County Counsel.

9. **Stacey Ralph (fka Stacey Rojas)** – Employed by the San Diego County Sheriff's Department, who may be contacted through Office of County Counsel.

10. **Kyle Babcock** – Employed by the San Diego County Sheriff's Department, who may be contacted through Office of County Counsel.

11. **Claudia Delgado** – Employed by the San Diego County Sheriff's Department, who may be contacted through Office of County Counsel. Identified by County as the personal most qualified to testify about relevant subjects on behalf the County of San Diego.

12. **Diana Lucy V. Hallett** – Foundational witness for technical exhibits.

13. **Chevron custodian of records/Tommy Munoz, Security Manager** – G&M Chevron Station #38, 8200 University Ave/Spring Street, La Mesa, CA 91942

## VI. Exhibits

| P ID Ex. # | Exhibit Description | Date Marked | Date Admitted |
|---|---|---|---|
| 001 | Chevron Audio & Video Surveillance (complete packet of files produced by Chevron) | | |
| 002 | Injury Photographs | | |
| 003 | Drone Footage ASTREA 1 | | |
| 004 | Drone Footage ASTREA 2 | | |
| 005 | Drone Footage ASTREA 3 | | |
| 006 | Event Chronology CAD CSD0001-161 | | |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                                        21-cv-00400-H-BGS

| 007 | Event Chronology CAD CSD0162-164 | | |
|---|---|---|---|
| 008 | Event Chronology CAD CSD0165-166 | | |
| 009 | Event Chronology CAD CSD0167-168 | | |
| 010 | Event Chronology CAD CSD0169-170 | | |
| 011 | Event Chronology CAD CSD0171-172 | | |
| 012 | Event Chronology CAD CSD0173-174 | | |
| 013 | Event Chronology CAD CSD0175-176 | | |
| 014 | Event Chronology CAD CSD0177-178 | | |
| 015 | Event Chronology CAD CSD0179-181 | | |
| 016 | Event Chronology CAD CSD0182-183 | | |
| 017 | Event Chronology CAD CSD0184-185 | | |
| 018 | Event Chronology CAD CSD0186-187 | | |
| 019 | Event Chronology CAD CSD0188-189 | | |
| 020 | Event Chronology CAD CSD0190-205 | | |
| 021 | Event Chronology CAD CSD0206-207 | | |
| 022 | Photos CSD0208-251 | | |
| 023 | Officer Report CSD0252-253 | | |
| 024 | Officer Report CSD0254-256 | | |
| 025 | Officer Report CSD0257-259 | | |
| 026 | Officer Report CSD0260-262 | | |
| 027 | Use of Force Supp CSD0263 | | |
| 028 | Officer Report CSD0264-265 | | |
| 029 | Use of Force Supp CSD0266 | | |
| 030 | Officer Report CSD0267-269 | | |
| 031 | Use of Force Supp CSD0270 | | |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF
FACT AND LAW                                    21-cv-00400-H-BGS

| | | | |
|---|---|---|---|
| 032 | Officer Report CSD0271-275 | | |
| 033 | Use of Force Supp CSD0276 | | |
| 034 | Officer Report CSD0277-279 | | |
| 035 | Use of Force Supp CSD0280 | | |
| 036 | Officer Report CSD0281-283 | | |
| 037 | Use of Force Supp CSD0284 | | |
| 038 | Officer Report CSD0285-287 | | |
| 039 | Officer Report CSD0288-290 | | |
| 040 | Officer Report CSD0291-293 | | |
| 041 | Use of Force Supp CSD0294 | | |
| 042 | Officer Report CSD0295-297 | | |
| 043 | Officer Report CSD0298-301 | | |
| 044 | Body Cam CSD0302 | | |
| 045 | Body Cam CSD0303 | | |
| 046 | Body Cam CSD0304 | | |
| 047 | Body Cam CSD0305 | | |
| 048 | Body Cam CSD0306 | | |
| 049 | Body Cam CSD0307 | | |
| 050 | Radio Traffic CSD0308 | | |
| 051 | Radio Traffic CSD0309 | | |
| 052 | Radio Traffic CSD0310 | | |
| 053 | Radio Traffic CSD0311 | | |
| 054 | Radio Traffic CSD0312 | | |
| 055 | Radio Traffic CSD0313 | | |
| 056 | Radio Traffic CSD0314 | | |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                    21-cv-00400-H-BGS

| | | | |
|---|---|---|---|
| 057 | Radio Traffic CSD0315 | | |
| 058 | Radio Traffic CSD0316 | | |
| 059 | Radio Traffic CSD0317 | | |
| 060 | Radio Traffic CSD0318 | | |
| 061 | Radio Traffic CSD0319 | | |
| 062 | Radio Traffic CSD0320 | | |
| 063 | Radio Traffic CSD0321 | | |
| 064 | Radio Traffic CSD0322 | | |
| 065 | Radio Traffic CSD0323 | | |
| 066 | Radio Traffic CSD0324 | | |
| 067 | Radio Traffic CSD0325 | | |
| 068 | Radio Traffic CSD0326 | | |
| 069 | Policy CSD0327-345 | | |
| 070 | Policy CSD0346-365 | | |
| 071 | Policy CSD0366-386 | | |
| 072 | Policy CSD0387-407 | | |
| 073 | Policy CSD0408-413 | | |
| 074 | Radio Traffic CSD0414 | | |
| 075 | Manual CSD0415-910 | | |
| 076 | Manual CSD0911-1415 | | |
| 077 | Training Record CSD1424-1427 | | |
| 078 | Training Record CSD1428-1457 | | |
| 079 | Training Record CSD1458 | | |
| 080 | Training Course Outline CSD1459 | | |
| 081 | Training Bulletin CSD1460-1463 | | |

15

| 082 | Training Scenario CSD1464-1466 | | |
|---|---|---|---|
| 083 | Training Scenario CSD1467-1468 | | |
| 084 | Product Specs CSD1469 | | |
| 085 | Training Scenario CSD1470-1472 | | |
| 086 | Training Scenario CSD1473-1474 | | |
| 087 | Training PP CSD1475-1573 | | |
| 088 | Field Guidebook CSD1574-1629 | | |
| 089 | Training Course Outline CSD1630-1633 | | |
| 090 | Training Scenario CSD1634-1635 | | |
| 091 | Policy CSD1636-1638 | | |
| 092 | Policy CSD1639-1659 | | |
| 093 | Training Scenario CSD1660-1661 | | |
| 094 | Training PP CSD1662-1792 | | |
| 095 | Training Bulletin CSD1793-1795 | | |
| 096 | Training Test CSD1796-1798 | | |
| 097 | Training Test CSD1799-1800 | | |
| 098 | Training Bulletin CSD1801 | | |
| 099 | Training Course Outline CSD1802-1804 | | |
| 100 | Training Course Outline CSD1805 | | |
| 101 | Training Scenario CSD1806 | | |
| 102 | Policy CSD1807-1832 | | |
| 103 | Training Scenario CSD1833-1834 | | |
| 104 | Training Scenario CSD1835-1836 | | |
| 105 | Training Scenario CSD1837-1838 | | |
| 106 | Policy CSD1839-1856 | | |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                    21-cv-00400-H-BGS

| | | | | |
|---|---|---|---|---|
| 107 | Officer Report CSD1857 | | |
| 108 | Officer Report CSD1858 | | |
| 109 | Use of Force Supp CSD1859 | | |
| 110 | Officer Report CSD1860 | | |
| 111 | Use of Force Supp CSD1861 | | |
| 112 | Incident Report CSD1862-1867 | | |
| 113 | Officer Report CSD1868-1869 | | |
| 114 | Use of Force Supp CSD1870 | | |
| 115 | Officer Report CSD1871-1872 | | |
| 116 | Use of Force Supp CSD1873 | | |
| 117 | Officer Report CSD1874-1875 | | |
| 118 | Use of Force Supp CSD1876 | | |
| 119 | Officer Report CSD1877 | | |
| 120 | Use of Force Supp CSD1878 | | |
| 121 | Officer Report CSD1879 | | |
| 122 | Use of Force Supp CSD1880 | | |
| 123 | Officer Report CSD1881 | | |
| 124 | Use of Force Supp CSD1882 | | |
| 125 | Officer Report CSD1883-1884 | | |
| 126 | Use of Force Supp CSD1885 | | |
| 127 | Officer Report CSD1886 | | |
| 128 | Use of Force Supp CSD1887 | | |
| 129 | Officer Report CSD1888 | | |
| 130 | Use of Force Supp CSD1889 | | |
| 131 | Officer Report CSD1890 | | |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                 21-cv-00400-H-BGS

| 132 | Use of Force Supp CSD1891 | | |
| 133 | Officer Report CSD1892 | | |
| 134 | Use of Force Supp CSD1893-1894 | | |
| 135 | Officer Report CSD1895 | | |
| 136 | Use of Force Supp CSD1896 | | |
| 137 | Officer Report CSD1897 | | |
| 138 | Use of Force Supp CSD1898-1900 | | |
| 139 | Officer Report CSD1900-1901 | | |
| 140 | Use of Force Supp CSD1902 | | |
| 141 | Officer Report CSD1903-1904 | | |
| 142 | Use of Force Supp CSD1905 | | |
| 143 | Officer Report CSD1906-1907 | | |
| 144 | Use of Force Supp CSD1908 | | |
| 145 | Officer Report CSD1909-1912 | | |
| 146 | Use of Force Supp CSD1913 | | |
| 147 | Officer Report CSD1914-1916 | | |
| 148 | Use of Force Supp CSD1917 | | |
| 149 | Officer Report CSD1918-1921 | | |
| 150 | Use of Force Supp CSD1922 | | |
| 151 | Officer Report CSD1923-1925 | | |
| 152 | Use of Force Supp CSD1926 | | |
| 153 | Officer Report CSD1927-1929 | | |
| 154 | Use of Force Supp CSD1930-1932 | | |
| 155 | Officer Report CSD1933-134 | | |
| 156 | Use of Force Supp CSD1935-1936 | | |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF
FACT AND LAW

21-cv-00400-H-BGS

| 157 | Officer Report CSD1937-1938 | | |
|---|---|---|---|
| 158 | Use of Force Supp CSD1939 | | |
| 159 | Officer Report CSD1940-1941 | | |
| 160 | Use of Force Supp CSD1942 | | |
| 161 | Officer Report CSD1943-1944 | | |
| 162 | Use of Force Supp CSD1945-1946 | | |
| 163 | Officer Report CSD1947-1949 | | |
| 164 | Use of Force Supp CSD1950 | | |
| 165 | Officer Report CSD1951-1952 | | |
| 166 | Use of Force Supp CSD1953 | | |
| 167 | Officer Report CSD1954-1956 | | |
| 168 | Use of Force Supp CSD1957 | | |
| 169 | Officer Report CSD1958-1960 | | |
| 170 | Use of Force Supp CSD1961 | | |
| 171 | Officer Report CSD1962-1963 | | |
| 172 | Use of Force Supp CSD1964 | | |
| 173 | Officer Report CSD1965-1967 | | |
| 174 | Use of Force Supp CSD1968 | | |
| 175 | Officer Report CSD1969-1971 | | |
| 176 | Use of Force Supp CSD1972-1974 | | |
| 177 | Officer Report CSD1975-1976 | | |
| 178 | Use of Force Supp CSD1977-1978 | | |
| 179 | Officer Report CSD1979-1981 | | |
| 180 | Use of Force Supp CSD1982-1983 | | |
| 181 | Officer Report CSD1984-1985 | | |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                    21-cv-00400-H-BGS

| | | | |
|---|---|---|---|
| 182 | Use of Force Supp CSD1986 | | |
| 183 | Officer Report CSD1987-1990 | | |
| 184 | Use of Force Supp CSD1991 | | |
| 185 | Officer Report CSD1992-1994 | | |
| 186 | Use of Force Supp CSD1995 | | |
| 187 | Officer Report CSD1996-1998 | | |
| 188 | Use of Force Supp CSD1999 | | |
| 189 | Officer Report CSD2000-2001 | | |
| 190 | Use of Force Supp CSD2002-2003 | | |
| 191 | Mutual Aid Plan CSD2004-2060 | | |
| 192 | Emergency Operations Manual CSD2061-2228 | | |
| 193 | Emergency Operations Manual CSD2229-2394 | | |
| 194 | Course Workbook CSD2395-2537 | | |
| 195 | Field Guidebook CSD2538-2573 | | |
| 196 | Training Course Outline CSD2574-2577 | | |
| 197 | Training Course Outline CSD2578-2581 | | |
| 198 | Training Bulletin CSD2582-2584 | | |
| 199 | Complaint Form CSD2585 | | |
| 200 | Complaint Findings CSD2586-2591 | | |
| 201 | Complaint Findings CSD2592 | | |
| 202 | Complaint Findings CSD2593 | | |
| 203 | E-mail CSD2594 | | |
| 204 | Training Bulletin CSD2594A | | |
| 205 | E-mail CSD2595 | | |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                    21-cv-00400-H-BGS

| 206 | E-mail CSD2596-2597 | | |
|-----|---------------------|---|---|
| 207 | E-mail CSD2598-2599 | | |
| 208 | E-mail CSD2600-2601 | | |
| 209 | Drone Footage CSDDrone001 | | |
| 210 | Drone Footage CSDDrone002 | | |
| 211 | Drone Footage CSDDrone003 | | |
| 212 | Drone Footage CSDDrone004 | | |
| 213 | Drone Footage CSDDrone005 | | |
| 214 | Drone Footage CSDDrone006 | | |
| 215 | Drone Footage CSDDrone007 | | |
| 216 | Drone Footage CSDDrone008 | | |
| 217 | Drone Footage CSDDrone009 | | |
| 218 | Drone Footage CSDDrone010 | | |
| 219 | Drone Footage CSDDrone011 | | |
| 220 | Drone Footage CSDDrone012 | | |
| 221 | Drone Footage CSDDrone013 | | |
| 222 | Drone Footage CSDDrone014 | | |
| 223 | Drone Footage CSDDrone015 | | |
| 224 | Drone Footage CSDDrone016 | | |
| 225 | Drone Footage CSDDrone017 | | |
| 226 | Drone Footage CSDDrone018 | | |
| 227 | Drone Footage CSDDrone019 | | |
| 228 | Drone Footage CSDDrone020 | | |
| 229 | Drone Footage CSDDrone021 | | |
| 230 | Drone Footage CSDDrone022 | | |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF
FACT AND LAW

21-cv-00400-H-BGS

| 231 | Drone Footage CSDDrone023 | | |
| 232 | Drone Footage CSDDrone024 | | |
| 233 | Drone Footage CSDDrone025 | | |
| 234 | Drone Footage CSDDrone026 | | |
| 235 | Drone Footage CSDDrone027 | | |
| 236 | Drone Footage CSDDrone028 | | |
| 237 | Drone Footage CSDDrone029 | | |
| 238 | Drone Footage CSDDrone030 | | |
| 239 | Drone Footage CSDDrone031 | | |
| 240 | Drone Footage CSDDrone032 | | |
| 241 | Drone Footage CSDDrone033 | | |
| 242 | Drone Footage CSDDrone034 | | |
| 243 | Drone Footage CSDDrone035 | | |
| 244 | Drone Footage CSDDrone036a 13m51s | | |
| 245 | Drone Footage CSDDrone036b 57s | | |
| 246 | Drone Footage CSDDrone037 | | |
| 247 | Drone Footage CSDDrone038 | | |
| 248 | Drone Footage CSDDrone039 | | |
| 249 | Drone Footage CSDDrone040 | | |
| 250 | Drone Footage CSDDrone041 | | |
| 251 | Drone Footage CSDDrone042 | | |
| 252 | Drone Footage CSDDrone043 | | |
| 253 | Drone Footage CSDDrone044 | | |
| 254 | Drone Footage CSDDrone045 | | |
| 255 | Drone Footage CSDDrone046 | | |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                 21-cv-00400-H-BGS

| | | | |
|---|---|---|---|
| 256 | Drone Footage CSDDrone047 | | |
| 257 | Drone Footage CSDDrone048 | | |
| 258 | Drone Footage CSDDrone049 | | |
| 259 | Drone Footage CSDDrone050 | | |
| 260 | Drone Footage CSDDrone051 | | |
| 261 | Drone Footage CSDDrone052 | | |
| 262 | Drone Footage CSDDrone053 | | |
| 263 | Drone Footage CSDDrone054 | | |
| 264 | Drone Footage CSDDrone055 | | |
| 265 | Drone Footage CSDDrone056 | | |
| 266 | Drone Footage CSDDrone057 | | |
| 267 | Drone Footage CSDDrone058 | | |
| 268 | Drone Footage CSDDrone059 | | |
| 269 | Drone Footage CSDDrone060 | | |
| 270 | After Action Rpt CSDP0013-23 | | |
| 271 | Deposition Transcript & Video: Delgado | | |
| 272 | Deposition Transcript: Horton | | |
| 273 | Horton Depo Ex. 1 | | |
| 274 | Horton Depo Ex. 2 | | |
| 275 | Horton Depo Ex. 3 | | |
| 276 | Horton Depo Ex. 4 | | |
| 277 | Deposition Transcript: Ibarguren Jon | | |
| 278 | Ibarguren Jon Depo Ex. 1 | | |
| 279 | Deposition Transcript: Ibarguren Lorea | | |
| 280 | Ibarguren Lorea Depo Ex. 1 | | |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF
FACT AND LAW                                    21-cv-00400-H-BGS

| 281 | Deposition Transcript & Video: Lawrence | | |
|---|---|---|---|
| 282 | Deposition Transcript & Video: MacLeod | | |
| 283 | MacLeod Depo Ex. 1 | | |
| 284 | MacLeod Depo Ex. 2 | | |
| 285 | MacLeod Depo Ex. 3 | | |
| 286 | MacLeod Depo Ex. 4 | | |
| 287 | MacLeod Depo Ex. 5 | | |
| 288 | MacLeod Depo Ex. 6 | | |
| 289 | MacLeod Depo Ex. 7 | | |
| 290 | Deposition Transcript & Video: Ralph | | |
| 291 | Ralph Depo Ex. 1 | | |
| 292 | Ralph Depo Ex. 2 | | |
| 293 | Ralph Depo Ex. 3 | | |
| 294 | Ralph Depo Ex. 4 | | |
| 295 | Deposition Transcript & Video: Sobczak | | |
| 296 | Sobczak Depo Ex. 1 | | |
| 297 | Sobczak Depo Ex. 2 | | |
| 298 | Sobczak Depo Ex. 3 | | |
| 299 | Sobczak Depo Ex. 4 | | |
| 300 | Sobczak Depo Ex. 5 | | |
| 301 | Deposition Transcript & Video: Spencer | | |
| 302 | Spencer Depo Ex. 1 | | |
| 303 | Spencer Depo Ex. 2 | | |
| 304 | Spencer Depo Ex. 3 | | |
| 305 | Deposition Transcript & Video: Wray | | |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                                        21-cv-00400-H-BGS

| 306 | Wray Depo Ex. 1 | | |
|---|---|---|---|
| 307 | Wray Depo Ex. 2 | | |
| 308 | Wray Depo Ex. 3 | | |
| 309 | Wray Depo Ex. 4 | | |
| 310 | Wray Depo Ex. 5 | | |
| 311 | Wray Depo Ex. 6 | | |
| 312 | Wray Depo Ex. 7 | | |
| 313 | Medical Records | | |
| 314 | Medical Billing | | |
| 315 | Scott DeFoe Expert Report with attachments | | |
| 316 | Dr. Martin Chenevert Expert Report with attachments | | |
| 317 | Radio Traffic between dispatch and the four car caravan from 5/30/2020 | | |

Dated: February 3, 2023          SINGLETON SCHREIBER, LLP

By:    *s/Kimberly S. Trimble*
       Kimberly S. Trimble

Attorneys for Plaintiff Michelle Horton

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW                        21-cv-00400-H-BGS